UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

WILLIAM C. TOTHEROW, JR., )
)
    *Plaintiff*, )
v. ) No. 1:05-cv-126
) *Edgar*
CENTRAL TRANSPORT INTERNATIONAL, INC., )
)
    *Defendant*. )

### MEMORANDUM AND ORDER

**I.**     **Facts**

Plaintiff William C. Totherow, Jr. ("Totherow") initially filed this suit in the General Sessions Court for Hamilton County, Tennessee. The complaint averred that the plaintiff is making a claim against the defendant for "$14,866.55 for Damage to kiosks, shipping charges and storage. Shipped from Compustation to Totherow & Associates on or about 3/30/04." The vague complaint did not explicitly plead a specific cause of action and theory of liability exclusively under Tennessee state law.

Due to the vague language used by the plaintiff, it is objectively reasonable for the defendant and this Court to interpret and construe the original complaint as pleading a federal claim pursuant to the Carmack Amendment, 49 U.S.C. § 14706. On May 3, 2005, the defendant removed the case. Defendant contends that the plaintiff's complaint and any state law claims are preempted by 49 U.S.C. § 14706.

After removal, the plaintiff filed an amended complaint and more definite statement of his claim in this Court. In the amended complaint [Court Doc. No. 9], the plaintiff objects to removal and seeks to limit his complaint to exclusively state law causes of action. Plaintiff contends that this Court lacks subject matter jurisdiction and that 49 U.S.C. § 14706 is not applicable to his complaint. Plaintiff avers that 49 U.S.C. § 14706 only provides a federal forum for aggrieved shippers, and that plaintiff Totherow is not an aggrieved shipper of goods but rather is an aggrieved receiver of shipped goods. In the amended complaint, plaintiff pleads causes of action for common law negligence and breach of contract under Tennessee law. The amended complaint demands an amount not less than $15,000 for compensatory damages, prejudgment interest, costs, and any other equitable relief the Court deems necessary and appropriate.

## II.    Pending Motions

The following motions are before the Court. Defendant moves pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss any state law claims asserted by the plaintiff on the ground that all state law claims are preempted by 49 U.S.C. § 14706. [Court Doc. No. 3]. After the plaintiff amended the complaint [Court Doc. No. 9], the defendant made a supplemental motion pursuant to Rule 12(b)(6) to dismiss the amended complaint with prejudice. [Court Doc. No. 12].

Plaintiff moves pursuant to 28 U.S.C. § 1447(c) to remand on the ground of lack of subject matter jurisdiction. Plaintiff argues that the case has been improperly removed. If the case is not remanded, the plaintiff moves in the alternative for leave to amend his complaint pursuant to Fed. R. Civ. P. 15(a) to plead a claim under 49 U.S.C. § 14706. [Court Doc. No. 15].

On September 21, 2005, the Court held a scheduling conference pursuant to Fed. R. Civ. P. 16 and discussed these pending motions with counsel for the parties.

### III. <u>Analysis</u>

After reviewing the record, the Court concludes that the plaintiff's complaint has been properly removed. This Court has subject matter jurisdiction over the plaintiff's complaint pursuant to 28 U.S.C. §§ 1331 and 1337(a), and 49 U.S.C. § 14706. The plaintiff's state law claims of negligence and breach of contract are preempted by 49 U.S.C. § 14706.

#### A. <u>Removal and Jurisdiction</u>

As the removing party seeking to invoke this Court's jurisdiction, defendant bears the burden of showing that removal is proper and that this Court has subject matter jurisdiction. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97-98 (1921); *Long v. Bando Mfg. of America, Inc.*, 201 F.3d 754, 757 (6th Cir. 2000); *Her Majesty The Queen v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989). The Court finds that the defendant has met its burden.

Generally, a civil action filed in state court may be removed under 28 U.S.C. § 1441(a) and (b) only if the case could have originally been brought in federal court and the federal court would have had original subject matter jurisdiction. *Roddy v. Grand Trunk Western R.R., Inc.*, 395 F.3d 318, 322 (6th Cir. 2005); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000); *Long*, 201 F.3d at 757; *Strong v. Telectronics Pacing Systems, Inc.*, 78 F.3d 256, 259 (6th Cir. 1996). The defendant's right to removal is determined according to the plaintiff's complaint at the time the notice of removal is filed. To determine whether removal is proper, the Court must look to and consider the plaintiff's complaint as it existed in state court at the time the defendant filed its notice of removal.

The Court does not take into consideration the amended complaint [Court Doc. No. 9] filed by the plaintiff after removal. *Pullman Co. v. Jenkins,* 305 U.S. 534, 537 (1939); *Abada v.*

*Charles Schwab & Co., Inc.,* 300 F.3d 1112, 1117 (9th Cir. 2002); *Alexander v. Electronic Data Systems Corp.,* 13 F.3d 940, 946 (6th Cir. 1994); *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1277 (6th Cir. 1991); *In re Cardizem CD Antitrust Litigation*, 90 F. Supp.2d 819, 823 (E.D. Mich. 1999); *Mills v. Electronic Data Systems Corp.*, 986 F. Supp. 437, 439 (E.D. Mich. 1997); *Wright v. Bond-Air, Ltd.*, 930 F. Supp. 300, 302 (E.D. Mich. 1996). Ordinarily, a plaintiff cannot defeat removal and obtain a remand by amending the complaint after removal to drop all federal claims and thereby attempt to excise or omit the basis for federal subject matter jurisdiction. *See e.g., St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294-96 (1938); *Zuurbier v. Medstar Health, Inc.*, 306 F. Supp.2d 1, 5 (D.D.C. 2004) (Once case is properly removed, plaintiff may not amend complaint solely to defeat federal jurisdiction); *Moscovitch v. Danbury Hosp.*, 25 F. Supp.2d 74, 79 (D. Conn. 1998); *Brock v. DeBray,* 869 F. Supp. 926, 928 (M.D. Ala. 1994); *Johnson v. First Federal Savings and Loan Ass'n of Detroit*, 418 F. Supp. 1106, 1108 (E.D. Mich. 1976).

The Court concludes that removal is proper because the plaintiff's complaint that existed in state court at the time of removal could have originally been brought in federal district court and this Court would have had original subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1337(a), and 49 U.S.C. § 14706. In determining original subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1337(a), and in likewise determining removal jurisdiction under 28 U.S.C. § 1441(a) and (b), the Court applies the well-pleaded complaint doctrine. *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986); *Roddy,* 395 F.3d at 322; *Loftis v. United Parcel Service, Inc.*, 342 F.3d 509, 514-15 (6th Cir. 2003); *Long*, 201 F.3d at 758; *Strong*, 78 F.3d at 259; *Cardizem CD Antitrust Litigation*, 90 F. Supp.2d at 836. Jurisdiction exists under

28 U.S.C. § 1331 when a federal question is presented on the face of a properly pleaded complaint. *Rivet v. Regions Bank of LA.*, 522 U.S. 470, 475 (1998); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392-94, 398-99 (1987); *Roddy,* 395 F.3d at 322; *Loftis*, 342 F.3d at 514; *Michigan Southern R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n, Inc.*, 287 F.3d 568, 573 (6th Cir. 2002); *Long*, 201 F.3d at 758; *Strong*, 78 F.3d at 259; *Warner v. Ford Motor Co.*, 46 F.3d 531, 534 (6th Cir. 1995).

Federal question jurisdiction under 28 U.S.C. § 1331 exists in two basic categories of cases. A claim "arises under" federal law and there is federal question jurisdiction either when federal law creates the cause of action, or a plaintiff's right to relief on a state law cause of action necessarily depends on the resolution of a substantial question of federal law, i.e. federal law is a necessary element of a state law claim. *Christianson v. Colt Industries*, 486 U.S. 800, 808 (1988); *Merrell Dow*, 478 U.S. at 806 n. 2, 808-09, 813; *Franchise Tax Board of California v. Construction Laborers Vacation Trust*, 463 U.S. 1, 13, 27-28 (1983); *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 917 (5th Cir. 2001); *Mulcahey v. Columbia Organic Chemicals Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994).

In the instant case, there is federal question jurisdiction under 28 U.S.C. § 1331 and removal jurisdiction under 28 U.S.C. § 1441(a) and (b). The claim pleaded by plaintiff Totherow in the original complaint he filed in state court "arises under" federal law because 49 U.S.C. § 14706 clearly creates the plaintiff's cause of action. A federal claim and federal question are plainly presented on the face of plaintiff Totherow's original complaint.

Under the well-pleaded complaint doctrine, a plaintiff is generally the master of his own complaint. When plaintiff Totherow filed his original complaint in state court, he had the right

-5-

and opportunity to avoid federal subject matter jurisdiction and preclude removal to federal court by relying exclusively on well-pleaded state law claims. *Caterpillar*, 482 U.S. at 398-99; *Roddy*, 395 F.3d at 322; *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 456 (Cir. 1996); *Warner*, 46 F.3d at 534; *Alexander*, 13 F.3d at 943; *Her Majesty The Queen*, 874 F.2d at 338-39. Whether a complaint presents a federal question and pleads a claim that arises under federal law is determined from what appears in the plaintiff's statement of his own claim. *Peyton v. Railway Express Agency*, 316 U.S. 350, 353 (1942); *Grable & Sons Metal v. Darue Engineering*, 377 F.3d 592, 594 (6th Cir. 2004). Subject matter jurisdiction in the federal courts cannot be sustained on a claim that a plaintiff has not advanced in the complaint. *Merrell Dow*, 478 U.S. at 809 n. 6; *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913); *Loftis*, 342 F.3d at 514-15.

Under the well-pleaded complaint doctrine, the fact that a wrong claimed by a plaintiff could be litigated and adjudicated under either state substantive law or federal law ordinarily does not diminish the plaintiff's right to choose to pursue exclusively state law causes of action. *Loftis*, 342 F.3d at 515; *Alexander*, 13 F.3d at 943. As a general rule, a well-pleaded state law claim in a plaintiff's complaint cannot be "recharacterized" as a federal claim for the purpose of determining removal jurisdiction unless the state law claim is completely preempted by federal law. *Rivet*, 522 U.S. at 475-76; *Caterpilllar*, 522 U.S. at 392-93; *Roddy,* 395 F.3d at 322-23; *Loftis*, 342 F.3d at 515; *Long*, 201 F.3d at 759; *Strong*, 78 F.3d at 259.

When plaintiff Totherow filed this suit in the General Sessions Court for Hamilton County, he did not take advantage of the well-pleaded complaint doctrine to preclude the removal of his complaint to federal district court. The original complaint did not contain a well-pleaded cause of action based exclusively on Tennessee law. Plaintiff did not plead a specific cause of

action and theory of liability predicated exclusively on state law. Instead, the complaint merely averred that the plaintiff is making a claim for "$14,866.55 for Damage to kiosks, shipping charges and storage. Shipped from Compustation to Totherow & Associates on or about 3/30/04."

The Court construes the language in the plaintiff's original complaint that existed at the time of removal as pleading a federal claim under 49 U.S.C. § 14706. *See Peyton,* 316 U.S. 350. An objectively reasonable person reading the plaintiff's original complaint would readily construe it as asserting a federal claim pursuant to 49 U.S.C. § 14706. Although the original complaint did not cite or refer to 49 U.S.C. § 14706, the plaintiff's claim is clearly governed by it. 49 U.S.C. § 14706 addresses the liability of common motor carriers and freight forwarders for goods lost or damaged during interstate shipment and provides a federal remedy. *American Road Service Co. v. Consolidated Rail Corp.*, 348 F.3d 565, 568 (6th Cir. 2003).

In sum, a federal claim raising a federal question plainly appears on the face of the plaintiff's original complaint that existed in state court at the time of removal. Whether or not the plaintiff intended to plead a claim pursuant to 49 U.S.C. § 14706 in his original complaint, he did so. *Cf. Loftis*, 342 F.3d at 514-16 (Plaintiff's complaint alleged and pleaded a claim arising under federal law whether or not he intended to do so). The original complaint alleges facts and describes acts that are governed by 49 U.S.C. § 14706. In applying the well-pleaded complaint rule and reaching this conclusion, the Court is guided by *Peyton,* 316 U.S. 350, a Carmack Amendment case. In *Peyton*, a lawsuit for damages filed against an interstate carrier claimed that it negligently failed to deliver a package to the addressee. The Supreme Court reasoned that whether a suit arises under a law of the United States must appear from the plaintiff's pleading and not any affirmative defenses which may be interposed by a defendant. *Peyton* held that the plaintiff's pleading which asserted

a claim of negligence satisfied this requirement since it adequately stated a controversy dependent for its outcome or adjudication upon the construction of a federal statute, namely the Carmack Amendment.

Based on the plaintiff's choice to initiate the lawsuit in state court rather than federal court, this Court does not infer that the plaintiff intended to plead his claim exclusively under Tennessee law. The complaint filed in state court was not necessarily limited or restricted to exclusively state law claims. 49 U.S.C. § 14706(d) provides that federal and state courts have concurrent jurisdiction over Carmack Amendment claims. Plaintiff Totherow had a right to bring and maintain suit against the defendant in state court on a federal claim under 49 U.S.C. § 14706.

Plaintiff argues that 49 U.S.C. § 14706 only provides a federal forum for aggrieved shippers. Plaintiff contends that he is not an aggrieved shipper of goods but rather is an aggrieved receiver of shipped goods. This argument fails. As the defendant correctly explains in its memorandum in support of this Court's exercise of jurisdiction [Court Doc. No. 11 pp. 11-16], claims may be brought against carriers pursuant to 49 U.S.C. § 14706 by any persons who are entitled to recover under the carrier's receipt or bill of lading, including consignees and the buyers were to receive the shipped goods. *See e.g., Mexican Light & Power Co. v. Texas Mexican Ry. Co.,* 331 U.S. 731, 733 (1947); *Southeastern Express Co. v. Pastime Amusement Co.*, 299 U.S. 28 (1936); *New Process Steel Corp. v. Union Pacific R. Co.,* 91 Fed. Appx. 895, 899 (5th Cir. 2003); *Windows, Inc. v. Jordan Panel Sys Corp.,* 177 F.3d 114, 118 (2nd Cir. 1999); *Electric Mut. Liability Ins. Co. v. Union Pacific R.R.,* 70 F.3d 119 (Table, text in 1995 WL 661214, * 2 (9th Cir. Nov. 8, 1995)); *American Synthetic Rubber Corp. v. Louisville & N.R. R. Co.*, 422 F.2d 462 (6th Cir. 1970); *DiPaolo Mach. Works, Ltd. v. Prestige Equip. Corp.*, 998 F. Supp. 229, 233 (E.D.N.Y. 1998); *Banos*

*v. Eckerd Corp.*, 997 F. Supp. 756, 762 (E.D. La. 1998 ). Plaintiff Totherow's complaint is governed by 49 U.S.C. § 14706 because it is undisputed that the plaintiff, as the consignee and buyer of the shipped goods, is entitled to recover damages from the defendant carrier under the terms of the bill of lading. Plaintiff Totherow's exclusive remedy against the defendant carrier is under 49 U.S.C. § 14706.

The plaintiff's complaint has been properly removed under 28 U.S.C. §§ 1337(a), 1441(a) and (b), and 1445(b). This Court has subject matter jurisdiction over the plaintiff's removed complaint pursuant to 28 U.S.C. §§ 1331 and 1337(a), and 49 U.S.C. § 14706. 28 U.S.C. § 1445(b) provides in pertinent part that a civil action in any state court against a carrier to recover damages for loss or injury of shipments, arising under 49 U.S.C. § 14706, may not be removed to any district court of the United States unless the matter in controversy exceeds $10,000, exclusive of interest and costs. Plaintiff Totherow's complaint is removable under 28 U.S.C. § 1445(b) because the matter in controversy exceeds $10,000, exclusive of interest and costs.

### B. Complete Federal Preemption

Defendant urges the Court to also apply the complete preemption doctrine to hold that removal is proper. Defendant argues that the plaintiff's original complaint has been properly removed because any state law claims are completely preempted by 49 U.S.C. § 14706. *See, e.g., Hoskins v. Bekins Van Lines*, 343 F.3d 769 (5th Cir. 2003); *U.S. Aviation Underwriters, Inc. v. Yellow Freight System, Inc.*, 296 F. Supp.2d 1322 (S.D. Ala. 2003); *Stephenson v. Wheaton Van Lines, Inc.*, 240 F. Supp.2d 1161 (D. Kan. 2002).

The complete preemption doctrine is a narrow exception to the well-pleaded complaint rule. Under the complete preemption doctrine, a complaint filed in state court that

contains a state law claim may be removed if the state law claim is completely preempted by federal law. *Roddy*, 395 F.3d at 318; *Loftis*, 342 F.3d at 514-15.

The United States Supreme Court and the Court of Appeals for the Sixth Circuit have not rendered any opinions directly on point on the subject of whether there is complete preemption under 49 U.S.C. § 14706. This Court declines here to address the question of whether there is complete preemption of the plaintiff's negligence and breach of contract claims under § 14706 for the purpose of removal. In the instant case, it is unnecessary to reach the complete preemption question. The Court has determined that the plaintiff's original complaint filed in state court has been properly removed for other reasons discussed *supra*. The plaintiff's original complaint did not assert a well-pleaded claim and cause of action based exclusively on Tennessee state law, and the plaintiff's complaint is construed as pleading a federal claim under 49 U.S.C. § 14706 which makes the complaint removable.

### C.      Ordinary Federal Preemption of State Law Claims

We now turn to the separate issue of whether the plaintiff's state law claims for negligence and breach of contract in the amended complaint are subject to ordinary preemption by 49 U.S.C. § 14706. Complete preemption that supports removal and ordinary federal preemption of state law claims (affirmative defense of federal preemption) are two distinct concepts. *Roddy*, 395 F.3d at 318; *Warner*, 46 F.3d at 535.

The defendant's motion to dismiss the state law claims asserted in the amended complaint on the ground of ordinary federal preemption is well taken. 49 U.S.C. § 14706 preempts all state common law and statutory causes of action for damages relating to the shipment of goods by interstate carriers. *New York, N.H. & H.R.R. Co. v. Nothnagle*, 346 U.S. 128, 131 (1953) (With

-10-

the enactment of the Carmack Amendment, Congress superseded diverse state laws with a nationally uniform policy governing the liability of interstate carriers for property loss); *Adams Express Company v. Croninger,* 226 U.S. 491, 505-06 (1913); *Smith v. United Parcel Service,* 296 F.3d 1244 (11th Cir. 2002); *Toledo Ticket Co. v. Roadway Exp., Inc.,* 133 F.3d 439, 441 (6th Cir. 1998); *W.D. Lawson & Co. v. Penn Central Co.*, 456 F.2d 419, 421 (6th Cir. 1972); *Grehan v. American Holiday Van Lines, Inc.*, 2005 WL 1242061 (E.D. Tenn. May 25, 2005); *Automated Window Machinery v. McKay Ins. Agency,* 320 F. Supp.2d 619, 620 (S.D. Ohio 2004); *Jackson v. Brook Ledge, Inc.,* 991 F. Supp. 640, 644 (E.D. Ky. 1997); *Malone v. Mayflower Transit, Inc.*, 819 F. Supp. 724, 725 (E.D. Tenn. 1993).

**IV.** <u>**Conclusion**</u>

Accordingly, the plaintiff's motion to remand is **DENIED**. [Court Doc. No. 15]. The plaintiff's alternative motion for leave to file a second amended complaint to better plead a cause of action under 49 U.S.C. § 14706 is **GRANTED** under Rule 15(a). [Court Doc. No. 15]. Plaintiff shall file his amended complaint on or before **October 28, 2005.**

The defendant's motion to dismiss the plaintiff's complaint, as supplemented [Court Doc. Nos. 3, 12], is **GRANTED IN PART and DENIED IN PART.** To the extent that the defendant moves pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the plaintiff's state law claims of negligence and breach of contract, the defendant's motion is **GRANTED**. The negligence and breach of contract claims asserted by the plaintiff in his amended complaint under Tennessee state law are hereby **DISMISSED WITH PREJUDICE** on the ground that they are preempted by 49 U.S.C. § 14706. To the extent that the defendant moves pursuant to Rule 12(b)(6) to completely dismiss the plaintiff's first amended complaint with prejudice, which would result in this suit being

-11-

dismissed entirely from the Court's docket with prejudice and bar the plaintiff from going forward on a claim under 49 U.S.C. § 14706, the defendant's motion [Court Doc. No. 12] is **DENIED.**

SO ORDERED.

ENTER this *3rd day of October, 2005*.

                                                */s/ R. Allan Edgar*
                                                R. ALLAN EDGAR
                                     CHIEF UNITED STATES DISTRICT JUDGE